IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LANITERA A. EGZIABHER                          PLAINTIFF

v.                          NO. 16-5285

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lanitera A. Egziabher, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (Doc. 1). The Defendant filed an Answer to Plaintiff's action on February 21, 2017, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. 10).

On April 24, 2017, the Commissioner, having changed positions, filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. 13).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence appropriate.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's unopposed motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 25th day of April, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE